F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2005**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARYL WAYNE WILKERSON,

    Defendant - Appellant.

No. 04-2135
(D. New Mexico)
(D.Ct. No. CIV-03-679-MCA)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Daryl Wilkerson was convicted of aiding and abetting possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(B) and 18 U.S.C. § 2. He seeks a Certificate of Appealability ("COA") from the district court's dismissal of his *pro se* petition under 28 U.S.C. § 2255 claiming his conviction was the product of his counsel's

ineffective representation. We conclude Wilkerson has failed to make a substantial showing of the denial of a constitutional right and therefore deny a COA and dismiss this appeal. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2002).

On January 8, 1999, two officers, Rodney Porter and Orin Tubbs of the Hobbs, New Mexico, police department made a u-turn to follow a Buick automobile being driven by Wilkerson. The automobile immediately turned right and began traveling at a high rate of speed. As the officers followed, the automobile moved erratically, proceeding five to eight blocks before it stopped. When Officer Porter activated the police lights, a videotape automatically started recording the scene. An audio recording was also made. Officer Porter approached Wilkerson and asked him why he was going so fast. Wilkerson responded he was nervous and was trying to get to the hospital to see his girlfriend. Because Officer Porter smelled alcohol, he conducted field sobriety tests and then arrested Wilkerson for reckless driving and driving while intoxicated.

While Officer Porter was talking to Wilkerson, Officer Tubbs spoke with the passenger, Ronnie Meridyth. When Meridyth got out of the car, Officer Tubbs noticed his left front pants pocket was turned inside out. Suspecting that Meridyth may have pulled something from his pocket and tossed it out of the car,

the officers backtracked the Buick's route. They discovered a ball of electrical tape in the roadway containing eight baggies of crack cocaine. Fingerprints found on three of the baggies matched Wilkerson's and one of the same baggies also had a fingerprint matching Meridyth's.

Prior to trial, Wilkerson's counsel filed two separate motions to suppress evidence, one seeking to suppress the evidence from the January 8, 1999, stop on the basis that the reasons given by the officers for the stop were pretextual.[1] However, counsel withdrew this motion when the government demanded withdrawal as a condition to continued plea negotiations. Eventually, Wilkerson rejected the government's offer and proceeded to trial on November 13, 2000. His counsel did not renew the motions to suppress.

Wilkerson was convicted and sentenced to 360 months imprisonment followed by eight years of supervised release, the minimum recommended sentence given his prior convictions. Wilkerson appealed, claiming the government presented insufficient evidence of his guilt. We rejected his claim and affirmed his conviction in an unpublished decision, *United States v. Wilkerson*, 26 Fed. Appx. 878 (10th Cir. 2002).

He then filed a *pro se* petition under 28 U.S.C. § 2255 requesting an evidentiary hearing and alleging, *inter alia*, counsel was ineffective in failing to

---

[1]The other motion to suppress related to a dismissed charge.

pursue the suppression motion and failing to investigate allegedly tainted fingerprint evidence as an additional basis for suppression. The district court appointed counsel solely to assist Wilkerson in his claim regarding counsel's failure to retain a fingerprint expert. Appointed counsel retained an expert, but a conflict compelled the first appointed counsel's withdrawal prior to receipt of the expert's report. Current counsel was appointed on November 3, 2003, and when the retained expert affirmed the presence of Wilkerson's fingerprints, counsel moved to expand the grounds for an evidentiary hearing to address whether Officer Porter had tampered with or planted the evidence. The motion relied in large part on Porter's resignation from the Midland, Texas police department to avoid dismissal after it was discovered he tampered with and planted evidence. *See Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157 (10th Cir. 2003).

Wilkerson's petition was submitted to a magistrate judge who recommended dismissal of the petition. Wilkerson filed objections to the magistrate's recommendation and the government filed a response and exhibits, including the affidavit of Wilkerson's trial counsel. On May 26, 2004, the district court, after considering the matter *de novo*, adopted the magistrate's recommended findings and conclusions and dismissed Wilkerson's petition with prejudice. Wilkerson filed his notice of appeal and requested a COA. The district court denied his request on June 30, 2004. He now seeks a COA from this

Court.

The issuance of a COA is jurisdictional. *Miller-El,* 537 U.S. at 336. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El,* 537 U.S. at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* Wilkerson is not required to prove the merits of his case to obtain a COA. However, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Id.* at 338 (quotation and citation omitted).

In order to prevail on an ineffective assistance claim, a petitioner must demonstrate both that his attorney's performance was deficient and that the deficiencies prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (quotations omitted). Wilkerson has failed to make a threshold showing.

Wilkerson's COA petition distills to one issue: whether trial counsel was ineffective in failing to renew the motion to suppress after Wilkerson declined the

government's proffered plea bargain.[2] Wilkerson argues his counsel's failure to renew the motion could not rationally be viewed as trial strategy because the officers' testimony that Wilkerson's 23-year-old Buick reached a speed of 80 miles an hour within five blocks is physically impossible. In addition, he claims the Officer Porter's history, coupled with discrepancies in the evidence, entitles him to investigate issues involving the chain of custody and possible tampering with evidence. We are not persuaded.

After reviewing the record carefully, we conclude Wilkerson has failed to demonstrate a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 338. The question is not whether Officer Porter exaggerated Wilkerson's speed, but whether Wilkerson committed a traffic violation justifying the stop of the vehicle. Disheartening as Officer Porter's history with the Midland, Texas, police department may be, his testimony that Wilkerson was speeding is corroborated by the testimony of Officer Tubbs. (Trial Tr. at 148) ("I mean, they were way over the speed limit. The speed limit is 30 miles an hour.").) Further, it is uncontested that, when questioned at the scene as to why he was driving at a high rate of speed, Wilkerson did not deny the fact but instead

---

[2]Wilkerson does not disagree with his trial counsel's strategy to initially withdraw the motion to suppress in order to engage in plea negotiations. He claims her ineffective assistance occurred when she failed to renew the motion prior to trial. (Appellant's Br. at 15.)

gave explanations for his behavior. (Trial Tr. at 68 ("I asked him [] why he was going so fast. He gave me a series of reasons, including that his girlfriend was in the hospital, he was tired, and he was scared.").) Moreover, the discrepancies in the evidence, Officer Porter's history and the chain of custody issues were all thoroughly addressed at trial.

Thus, we find nothing in the record that casts doubt on trial counsel's affidavit explaining her strategy in deciding not to refile the suppression motion. She avers that her decision was based upon (1) Wilkerson's low likelihood of success on the motion; (2) his exposure to thirty years imprisonment to life in the event he went to trial; and (3) by leaving the motion to suppress unfiled, she might continue her efforts to convince Wilkerson to accept the government's offer, in light of the strength of the evidence against him and the imminence of trial. Wilkerson's rebuttal to counsel's reasoning consists solely of speculation and conclusory allegations.

At Wilkerson's request, counsel raised a final issue in his application for a COA pursuant to *Anders v. California,* 386 U.S. 738 (1967). Wilkerson alleges the evidence was fabricated and that the prosecutor engaged in misconduct by presenting perjured testimony. He claims the argument is viable because, three years prior to his arrest in this case, a counselor and a caseworker at a halfway house in Texas told him that if he returned to Hobbs, New Mexico, he would end

up either in prison for life or dead. After a complete examination of all the proceedings, we agree with counsel that the factual predicate for this claim does not exist in the record. Therefore, we decline to consider this issue.

We DENY a COA and DISMISS the appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge