FILED
United States Court of Appeals
Tenth Circuit

August 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TONY JACKSON,

    Defendant-Appellant.

No. 08-2268

(D.C. No. CR-99-380-LH)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the appellant's request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant Tony Jackson pled guilty to possession of more than fifty grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

841(b)(1)(A), and was sentenced to 262 months' imprisonment and 10 years of supervised release. Jackson filed a motion pursuant to 18 U.S.C. § 3582(c)(2) asking the district court to reduce his sentence based on subsequent amendments to the crack cocaine sentencing guidelines. The district court dismissed Jackson's motion for lack of jurisdiction. On appeal, Jackson's counsel has filed an <u>Anders</u> brief and a motion to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967). Jackson, appearing pro se, has filed a response to the <u>Anders</u> brief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss the appeal.

I

In April 1999, Jackson was indicted by a federal grand jury on numerous conspiracy, crack cocaine, and aiding and abetting offenses based on his selling crack cocaine to undercover agents in November and December 1998 in Albuquerque, New Mexico. In September 2000, Jackson pled guilty to possession of more than fifty grams of crack cocaine with intent to distribute, and the remaining counts against him were dismissed in exchange for his plea.

A presentence report was prepared for Jackson. As calculated in the presentence report, the amount of crack cocaine possessed by Jackson was 87.9 grams. Based on this calculation, the presentence report calculated a base offense level of 32, and with a three level reduction for acceptance of responsibility, calculated a total offense level of 29. Based on a criminal history category of V,

2

Jackson's guideline sentencing range was 140 to 175 months' imprisonment.

The district court determined, however, that Jackson qualified as a career offender under U.S.S.G. § 4B1.1. Under § 4B1.1, Jackson had a criminal history category of VI, not category V, and his base offense level was 37, not 32. With the same three-level reduction for acceptance of responsibility, Jackson's total offense level became 34, and with his criminal history category of VI, his guideline sentencing range was 262 to 327 months' imprisonment. Jackson moved for a downward departure, which was denied by the district court. The district court sentenced Jackson pursuant to § 4B1.1 to a sentence of 262 months' imprisonment and 10 years of supervised release.

On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which "generally adjust[s] downward by two levels the base offense level assigned to quantities of crack cocaine." United States v. Sharkey, 543 F.3d 1236, 1237 (10th Cir. 2008). Amendment 706 "was made retroactive as of March 3, 2008." Id. In June 2008, Jackson filed a motion in the district court for a reduction of sentence under 18 U.S.C. § 3582(c)(2). Jackson argued that his sentence was based on the guideline for crack cocaine offenses, which was subsequently amended. The district court found that it lacked jurisdiction over Jackson's motion because Jackson was not sentenced under the changed guideline, but rather, was sentenced under the § 4B1.1 career offender guideline. The district court dismissed Jackson's motion with prejudice.

3

Jackson filed a notice of appeal. Jackson's counsel has filed an <u>Anders</u> brief and a motion to withdraw. Jackson filed a pro se response to his counsel's <u>Anders</u> brief; the government has not submitted a brief.

II

In <u>Anders</u>, the Supreme Court authorized defense counsel "to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005). In these types of cases, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." <u>Id.</u> In response to the <u>Anders</u> brief, "[t]he client may then choose to submit arguments to the court." <u>Id.</u> We must then fully examine the record "to determine whether defendant's claims are wholly frivolous." <u>Id.</u> If we find defendant's claims to be frivolous, we "may grant counsel's motion to withdraw and may dismiss the appeal." <u>Id.</u>

Here, Jackson's counsel identifies one potential basis for appeal: whether Jackson was entitled to relief under 18 U.S.C. § 3582(c)(2). Counsel has candidly admitted, however, that in his view there is no reasonable ground for this potential basis for appeal.

Having carefully examined the record on appeal, we agree with counsel's assessment of the identified issue and find it to be wholly frivolous. "A district court does not have inherent authority to modify a previously imposed sentence; it

4

may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Title 18 U.S.C. § 3582(c)(2) permits a reduction in sentence, however, only for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."

Although there has been a subsequent lowering of the crack cocaine sentencing ranges, here, crack cocaine played no role in the calculation of Jackson's recommended sentence under the guidelines. Jackson was sentenced pursuant to § 4B1.1's sentencing provisions for career offenders. His sentence was not based on the crack cocaine guidelines. Therefore, Jackson's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In the Tenth Circuit, the crack cocaine guideline amendments do not entitle a defendant originally sentenced under the career offender guideline to resentencing, and the district court has no jurisdiction to consider such a motion. See Sharkey, 543 F.3d at 1239 (noting that "Amendment 706 had no effect on the career offender guidelines in § 4B1.1"); United States v. Smartt, 129 F.3d 539, 542 (10th Cir. 1997) (concluding that because defendant was sentenced based on a statutory mandatory minimum, not pursuant to the guidelines, a subsequent modification to the marijuana equivalencies in the guidelines did not make the defendant eligible for a reduction in sentence under § 3582(c)(2)); United States v. Trujeque, 100 F.3d 869, 871

5

(10th Cir. 1996) (holding that a sentence made pursuant to a Rule 11(e)(1)(c) plea agreement was not "'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,'" and that, therefore, "the district court should have dismissed [defendant's] motion without considering its merits").

Jackson's motion for reduction of sentence was properly dismissed for lack of jurisdiction. Accordingly, we conclude Jackson has failed to provide any nonfrivolous basis for considering his motion under 18 U.S.C. § 3582(c)(2).

III

Counsels' motion to withdraw is GRANTED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge