[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15734
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:06-cr-20501-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODRICK CLAYTON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 25, 2012)

Before DUBINA, Chief Judge, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Rodrick Clayton appeals the district court's denial of his *pro se*

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  In 2007, the district court sentenced Clayton as a career offender to 150 months' imprisonment, which included a 20% reduction based upon his substantial assistance.  In his § 3582(c)(2) motion, Clayton had argued that, despite being a career offender, he was entitled to a reduction under Amendment 750 and the Fair Sentencing Act, which was comparably less than the amended guideline range sentence in order to reflect his substantial assistance to authorities.  On appeal, Clayton acknowledges that he was sentenced as a career offender, but argues for the first time that he is entitled to a sentence reduction under § 3582(c)(2) because, in light of *United States v. Freeman*, 564 U.S. ___, 131 S. Ct. 2685, 180 L. Ed. 2d 519 (2011), (plurality opinion) his sentence was "based on" the crack guidelines that were later amended by the U.S. Sentencing Commission.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008).  Objections or arguments that are not raised at the district court are reviewed for plain error.  *See United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir. 2007) (reviewing a claim that there was an insufficient factual basis for a guilty plea for plain error).  To prove plain error, a defendant must show: "(1) error, (2) that is plain, and (3) that affects substantial rights."

*United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (internal quotation marks omitted). If all three conditions are met, we may exercise our discretion to recognize the error, if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). "A plain error is an error that is obvious and is clear under current law." *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (internal quotation marks omitted).

Federal courts have the authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* In other words, the court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time that the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Under the second step, as a matter of discretion, the

3

court must decide whether to retain the original sentence or to re-sentence the defendant under the amended guideline range. *Bravo*, 203 F.3d at 781.

A career offender's base offense level is determined by using either the offense level that would ordinarily apply under Chapters 2 and 3 or, if it results in a higher offense level, the table in § 4B1.1(b). U.S.S.G. § 4B1.1(b). A § 3582(c)(2) proceeding does not constitute a *de novo* re-sentencing and "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Bravo*, 203 F.3d at 781. A "reduction under § 3582(c)(2) is not authorized where 'the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline . . . .*'" *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (quoting U.S.S.G. § 1B1.10, comment. (n.1(A)) (emphasis added). In *Moore*, we held that defendants who originally were sentenced under § 4B1.1(b)'s career-offender table were not eligible for § 3582(c)(2) relief because their guideline ranges were not based on the drug-quantity offense levels that had been lowered by Amendment 706. *Id.* at 1327-30.

If a defendant designated as a career offender commits an offense that carries a statutory maximum of 25 years or more of imprisonment and less than life imprisonment, the applicable offense level is 34. U.S.S.G. § 4B1.1(b)(B). Part A of Amendment 750 amended § 2D1.1 by revising the Drug Quantity Table in § 2D1.1(c), and reducing offense levels associated with various amounts of crack cocaine. U.S.S.G. App. C, amend. 750, Pt. A, *cross referencing* U.S.S.G. App. C, amend. 748 (2011). Amendment 750 became effective on November 1, 2011. U.S.S.G. App. C, amend. 750.

In *Freeman*, the Supreme Court considered the question of "whether defendants who enter into plea agreements that recommend a particular sentence as a condition of the guilty plea may be eligible for relief under § 3582(c)(2)." *Freeman*, 564 U.S. at ___, 131 S. Ct. at 2690. A plurality of the Supreme Court determined that a district court's imposition of a sentence may be based upon the Sentencing Guidelines, even if the defendant pleads guilty under Fed.R.Crim.P. 11(c)(1)(C). *Id.* Therefore, the plurality opinion concluded, § 3582(c)(2) relief may be available if the sentence was "based on" a guideline range that was ultimately lowered by the U.S. Sentencing Commission. *Id.* In a concurring opinion, Justice Sotomayor agreed with the plurality that the prisoner was eligible for a sentencing reduction, but held that a term of imprisonment that was imposed

5

pursuant to a Fed.R.Crim.P. 11(c)(1)(C) plea agreement is "based on" the plea agreement itself, and not the Sentencing Guidelines. 564 U.S. at ___, 131 S. Ct. at 2695 (Sotomayor, J., concurring in the judgment). However, Justice Sotomayor's concurring opinion also determined that, when a plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment," and the U.S. Sentencing Commission subsequently lowers that range, the term of imprisonment is "based on" the range used and the defendant is eligible for a sentencing reduction under § 3582(c)(2). *Id.* (Sotomayor, J., concurring in the judgment).

Because the record demonstrates that Clayton was sentenced as a career offender, we conclude that Amendment 750 to the Sentencing Guidelines does not change his offense level or his guideline range. In addition, we conclude that the district court did not plainly err in not applying *Freeman* to his case because (1) both the plurality opinion and Justice Sotomayor's concurring opinion in that case were limited to the context of a defendant who was sentenced pursuant to a plea agreement under Fed.R.Crim.P. 11(c)(1)(C), and (2) there is no binding authority applying the reasoning of *Freeman* to the context of a career offender seeking § 3582(c)(2) relief.

For the aforementioned reasons, we affirm the district court's order denying

Freeman's motion for a sentence reduction.

**AFFIRMED.**