FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DARYL WAYNE WILKERSON, a/k/a
Daryl Wayne Haynes,

    Defendant-Appellant.

No. 11-2236

(D.C. No. 2:00-CR-00557-LH-2)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Daryl Wayne Wilkerson appeals from the district court's order dismissing for lack

of jurisdiction his Motion to Reduce Sentence dated November 1, 2011. Wilkerson was

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convicted of aiding and abetting the possession with intent to distribute of five grams or more of a substance containing cocaine base, or crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. As a result of his prior convictions for cocaine trafficking and voluntary manslaughter, he was sentenced as a career offender under United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 4B1.1 to a term of imprisonment of 360 months. He moved for a reduction in his sentence, relying on the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372, which increased the amount of crack cocaine necessary to trigger mandatory minimum terms of imprisonment. The district court denied the motion because Wilkerson was sentenced as a career offender, and not based on the crack cocaine Guidelines. Wilkerson appealed. His appointed counsel requested permission to withdraw and filed an Anders brief asserting that no nonfrivolous grounds support the appeal. Exercising jurisdiction under 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss this appeal.

## I

In November 2000, following a jury trial, Wilkerson was convicted of aiding and abetting the possession with intent to distribute of more than five grams of cocaine base. A presentence report (PSR) attributed to Wilkerson 44.57 grams of cocaine base. Under § 2D1.1 of the Guidelines then in effect, Wilkerson's base offense level was thirty. The PSR assessed ten criminal history points, placing Wilkerson in criminal history category V. For this offense level and criminal history category, the Guidelines imprisonment range would have been 151 to 188 months.

2

Wilkerson, however, had prior felony convictions for cocaine trafficking and voluntary manslaughter. Accordingly, he was considered to be a career offender.[1] Because he had previously been convicted of a felony drug offense, the statutory sentencing range for Wilkerson's offense of conviction was ten years to life. 21 U.S.C. § 841(b)(1)(B). Under the applicable Guidelines provision, an offense level of thirty-seven is assigned to career offenders convicted of an offense with a maximum sentence of life imprisonment. U.S.S.G. § 4B1.1(b). Guidelines § 4B1.1(b) provided that this higher offense level, rather than the level for his underlying offense, would apply to Wilkerson. The Guidelines also assigned Wilkerson criminal history category VI because of his career offender status. Id. Based on his offense level of thirty-seven and criminal history category of VI, Wilkerson's Guidelines imprisonment range was 360 months to life. The district court sentenced him to 360 months.

Wilkerson appealed his conviction—but not his sentence—and we affirmed. United States v. Wilkerson, 26 F. App'x 878, 879 (10th Cir. 2002) (unpublished). In November 2007, the United States Sentencing Commission promulgated Amendment

---

[1] Career offender status applies:

if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

706, which lowered the base offense levels for crack cocaine offenses. See U.S.S.G. app C, amend. 706 (effective Nov. 1, 2007). The change was to be applied retroactively. Relying on Amendment 706, Wilkerson moved for a reduction in his term of imprisonment under 18 U.S.C. § 3582(c)(2). The district court denied the motion for lack of jurisdiction, explaining that § 3582(c)(2) authorized modification of a sentence only if the term of imprisonment was based on a range that was subsequently lowered. Wilkerson, the court noted, was sentenced as a career offender under U.S.S.G. § 4B1.1, and not under the amended Guideline provision, § 2D1.1, which governed crack cocaine. Thus, the court concluded that Amendment 706 did not change the Guideline range applicable to Wilkerson, and he was not eligible for sentence modification. Order at 2, United States v. Wilkerson, No. CR-00-557 LH (D.N.M. Sept. 23, 2008) (Doc. 43).

On November 1, 2011, another amendment altered the Guidelines provisions pertaining to crack cocaine. See U.S.S.G. app. C, amend. 750 (effective Nov. 1, 2011). Amendment 750 retroactively implemented the Fair Sentencing Act, which reduced the disparity between crack and powder cocaine sentences from 100:1 to 18:1. See United States v. Jackson, — F.3d —, 2012 WL 1592624, at *1 & n.1 (6th Cir. 2012). "The amendment altered the drug-quantity tables in the Guidelines, 'increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums effectuated by the FSA.'" United States v. Osborn, — F.3d —, 2012 WL 1890083, at *1 (10th Cir. 2012) (quoting United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012)).

Wilkerson filed a motion on October 27, 2011, for a reduction in his sentence under Amendment 750. ROA, Vol 1 at 13–18 (Doc. 473). The district court dismissed the motion for lack of jurisdiction, concluding that the motion "suffer[ed] from the same defect" as had Wilkerson's motion under Amendment 706. Id. at 36 (Doc. 479). Wilkerson, the district court reiterated, "was sentenced as a career offender, not under the subsequently amended Sentencing Guideline provisions regarding crack cocaine." Id. "Therefore," the district court concluded, his "original sentence was not based on a sentencing range that has subsequently been lowered by the sentencing commission, and the court lacks jurisdiction to consider this motion and it will be dismissed." Id.

Wilkerson appealed, and his counsel submitted an Anders brief, requesting permission to withdraw on the basis that no nonfrivolous grounds support the appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Wilkerson has not filed a pro se response brief, and the government did not submit a response brief either.

## II

## A

The question before us is whether there is any nonfrivolous argument for a reduction in Wilkerson's sentence based on Amendment 750. We conclude that there is not.

Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. Freeman v. United States, — U.S. —, 131 S. Ct. 2685, 2690 (2011). "'A district court does not have inherent authority to modify a previously imposed

5

sentence; it may do so only pursuant to statutory authorization.'" United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997) (quoting United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997)).  Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c).  That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

In one such statement, the Commission has specified that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  To determine whether an amendment would have this effect, the policy statement explained,

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b).  This policy statement is binding on the federal courts.  18 U.S.C. § 3582(c)(2).

When we apply this policy statement in the present case, it becomes clear that

6

Amendment 750 does not lower Wilkerson's applicable guideline range. Although the underlying conviction in this case had to do with crack cocaine, Wilkerson's sentence was calculated based on the interaction between 21 U.S.C. § 841(b)(1)(B), which provided for a statutory maximum sentence of life in prison for Wilkerson's crime, and U.S.S.G. § 4B1.1(b), the career offender guideline. Subsequent changes to § 841(b)(1)(B) do not apply to Wilkerson, as the FSA was not made retroactive. United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010). And Amendment 750 affected none of the above calculations. Even if Wilkerson were resentenced under today's guidelines, his applicable guideline range would be precisely the same: 360 months to life. Because Amendment 750 would not have the effect of lowering Wilkerson's applicable guideline range, a reduction in his term of imprisonment is not authorized by 18 U.S.C. 3582(c)(2) and the district court lacked jurisdiction to resentence him. U.S.S.G. § 1B1.10(a)(2)(B).[2]

---

[2] It is entirely irrelevant that Wilkerson's base offense level, under U.S.S.G. § 2D1.1, would now be twenty-six rather than thirty. Wilkerson is, in this respect, in the same position as a defendant in United States v. Curet, 670 F.3d 296 (1st Cir. 2012). There, the First Circuit explained:

> While the amendments to the guidelines are retroactive, they are of no help to Curet because he is a career offender. If only the amended guidelines were the basis for the sentence, Curet would have a somewhat reduced base offense level under the amended drug quantity table—a reduction from 24 to 20. See U.S.S.G. § 2D1.1(c). But this base offense level is irrelevant given Curet's career offender status. For career offenders, a separately specified base offense level is to apply if it is "greater than the offense level otherwise applicable." Id. § 4B1.1(b). Here, Curet was subject to a career offender base offense level of 37, because the maximum statutory penalty he could have been subject to was life imprisonment. See id.; 21 U.S.C. § 841(b)(1)(B)

(continued...)

**B**

All of the above is well-settled law in this court. See United States v. Sharkey, 543 F.3d 1236, 1238–39 (10th Cir. 2008) ("Amendment 706 had no effect on the career offender guidelines in § 4B1.1, which were the guidelines used by the district court in sentencing Sharkey. As a result, 'a reduction' in Sharkey's term of imprisonment 'is not consistent with' the policy statement in § 1B1.10 'and therefore is not authorized under 18 U.S.C. § 3582(c)(2)' because a two-level reduction in the offense level under Amendment 706 'does not have the effect of lowering [his] applicable guideline range.'"); United States v. Jackson, 343 F. App'x 311, 313–14 (10th Cir. Aug. 28, 2009) (unpublished) (granting counsel's Anders motion and noting that "[i]n the Tenth Circuit, the crack cocaine guidelines amendments do not entitle the defendant originally sentenced under the career offender guideline to resentencing, and the district court had no jurisdiction to consider such a motion"). Nonetheless, carrying out his duty under Anders, 386 U.S. at 744, counsel for Wilkerson draws our attention to the Supreme Court's recent decision in Freeman v. United States, 131 S. Ct. 2685 (2011). In that case, a plurality of the Court concluded that a sentence imposed within the range specified in

---

[2](...continued)
(2008) (maximum statutory penalty for those who commit a drug violation after a prior conviction for a felony drug offense is "life imprisonment"). This career offender offense level, which was reduced by 2 for a total of 35, renders irrelevant any reduction in the base offense level.

Id. at 309.

8

the defendant's plea agreement—which relied on the crack cocaine Guidelines—was a sentence "based on" the Guidelines and amenable to reduction under 18 U.S.C. § 3582(c)(2). Id. at 2690. "In every case," the plurality wrote, "the judge must exercise discretion to impose an appropriate sentence. This discretion, in turn, is framed by the Guidelines." Id. The plurality concluded that although the sentence was suggested in a plea agreement, "[w]here the decision to impose a sentence is based on a range later subject to retroactive amendment, § 3582(c)(2) permits a sentence reduction." Id.

Counsel for Wilkerson asserts, and we agree, that the best argument Wilkerson could make in this case is the one he made in his brief to the district court—that where the underlying crime involved crack cocaine, the district court's sentencing considerations will take into account, and therefore in some sense be "based on," the underlying crack cocaine Guidelines, even if the applicable sentencing range is found in the career offender Guidelines. ROA, Vol. 1 at 15–16. Variations on this argument have gained some traction in other circuits. In cases where the district court imposed a sentence below the career offender guidelines, some courts have reasoned that the district court's lower sentence may have been based instead on the crack cocaine guidelines. See, e.g., Jackson, — F.3d —, 2012 WL 1592624, at *3. The court in Jackson quoted the Freeman plurality's instruction to "'isolate whatever marginal effect the since-rejected Guideline had on the defendant's sentence'" and "'permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence.'" Id. (quoting Freeman, 131 S.C.t at

9

2692–93).[3] At least one district court has even applied this rationale to reduce a defendant's mandatory term of life imprisonment as a career offender, where the record demonstrated that "the underlying [crack cocaine] guideline calculation influenced the Court's conclusion that defendant qualified as a career offender in imposing a statutory life sentence." United States v. Miller, No. 4:89-CR-120(JMR), 2010 WL 3119768, at *2 (D. Minn. Aug. 6, 2010).

We need not decide whether Freeman might, in either circumstance, arguably justify a reconsideration of our precedent. The district court in Wilkerson's case did not grant a departure or variance from the career offender sentencing range, so we have no reason to believe that its sentence was in any way based on other Guidelines range. Nor does our independent review of the record reveal any basis for the conclusion that Wilkerson's sentence was in any way based on the sentencing guidelines for crack cocaine. To the contrary, the transcript from Wilkerson's sentencing hearing reveals the district court's concern that Wilkerson had killed his wife and trafficked in drugs in the past. ROA, Vol. 3 at 14, 16. Nowhere in the record do we find a suggestion that the crack cocaine Guidelines were "a relevant part of the analytic framework the judge used to determine the sentence." Freeman, 131 S. Ct. at 2693. Thus, even broadly applying

---

[3] But see Jackson, 2012 WL 1592624, at *3–8 (Boggs, J., dissenting); United States v. Bonds, 2012 WL 1183699, at *1 (7th Cir. Apr. 10, 2012) (unpublished) (rejecting the applicability of Freeman to career offender cases); United States v. Clayton, 2012 WL 1889691, at *3 (11th Cir. May 25, 2012) (unpublished) (holding that district court did not plainly err in denying motion for sentence reduction, in spite of Freeman).

10

the Freeman plurality's holding, we could not conclude that Wilkerson is "linger[ing] in prison pursuant to [a] sentence[] that would not have been imposed but for a since-rejected, excessive range." Id. at 2690.[4]

## III

Counsel's motion to withdraw is GRANTED and this appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

---

[4] Further, while we need not address here the weight attributable to the Freeman plurality's opinion, we do note that several circuit courts have held that Justice Sotomayor's concurrence constitutes the controlling opinion in Freeman under Marks v. United States, 430 U.S. 188 (1977). See United States v. Rivera–Martinez, 665 F.3d 344, 348 (1st Cir. 2011); United States v. Brown, 653 F.3d 337, 340 & n. 1 (4th Cir.2011); United States v. Smith, 658 F.3d 608, 611 (6th Cir.2011). Justice Sotomayor's view was that Freeman's sentence was "based on" his plea agreement, but that he was eligible for a sentence reduction because his agreement expressly relied on the subsequently lowered crack cocaine Guidelines. Freeman, 131 S. Ct. at 2695 (Sotomayor, J., concurring). This approach is, of course, of little use to Wilkerson, who was not sentenced pursuant to a plea agreement.