**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

CHARLES EDWARD MCINTYRE,

      Defendant–Appellant.

No. 12-6020
(D.C. No. 5:91-CR-00052-R-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.


Charles Edward McIntyre challenges the district court's determination that it

lacked authority to modify his sentence. Exercising jurisdiction under 18 U.S.C. § 3742

and 28 U.S.C. § 1291, we affirm.

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

## I

In 1991, a jury convicted McIntyre of various drug trafficking offenses, including possession with intent to distribute 1.6 kilograms of crack cocaine. The sentencing judge held McIntyre accountable for more than 15 kilograms of crack cocaine. This drug quantity, combined with a leadership enhancement and McIntyre's criminal history, resulted in a mandatory sentence of life imprisonment. See United States v. McIntyre, 997 F.2d 687, 709-10 (10th Cir. 1993) (affirming the sentence). The court later reduced McIntyre's sentence to 360 months based on a 1994 amendment to the United States Sentencing Guidelines.

On October 21, 2010, the United States Sentencing Commission promulgated Amendment 750 to implement the Fair Sentencing Act of 2010. See U.S.S.G. app. C, amend. 750. This amendment, which substantially increases the threshold quantity of crack cocaine required to trigger mandatory minimum penalties, was subsequently made retroactive by the Commission. See U.S.S.G. § 1B1.10(c).

Shortly thereafter, McIntyre filed a motion under 18 U.S.C. § 3582(c)(2) to further reduce his sentence based on Amendment 750. The district court, however, concluded that the amendment did not apply to McIntyre and denied the motion. McIntyre now appeals.

## II

We review de novo the scope of a district court's authority to modify a sentence

-2-

under § 3582(c)(2). <u>United States v. Rhodes</u>, 549 F.3d 833, 837 (10th Cir. 2008). A district court may modify a sentence under this section only when a subsequent amendment by the Commission has the "effect of lowering the defendant's applicable [G]uideline range." U.S.S.G. § 1B1.10 (a)(2)(b); <u>see also</u> 18 U.S.C. § 3582(c)(2).

Amendment 750 "does not lower the sentences for offenses" that involve "8.5 kilograms or more" of crack cocaine. U.S.S.G. app. C, amend. 750 cmt. McIntyre's sentence, however, is based on more than 15 kilograms. As such, Amendment 750 has no effect on his Guideline range, and the district court properly concluded that it lacked authority to reduce McIntyre's sentence.

McIntyre argues that he is eligible for a reduction because the district court should have held him accountable for no more than the 1.6 kilograms of cocaine base charged in his indictment. We disagree. It is well-established that a sentencing court must determine drug quantity based on a defendant's relevant conduct, not the amount charged. <u>See</u> <u>United States v. Rodriguez-Felix</u>, 450 F.3d 1117, 1131 (10th Cir. 2006). Moreover, a proceeding under § 3582(c)(2) is an inappropriate vehicle for arguing that a sentence was incorrectly imposed. These arguments should be raised on direct appeal or in a 28 U.S.C. § 2255 habeas petition. <u>See</u> <u>United States v. Torres-Aquino</u>, 334 F.3d 939, 941 (10th Cir. 2003).

**III**

The district court's order denying McIntyre's § 3582(c)(2) motion is

-3-

**AFFIRMED**.  We **GRANT** McIntyre's motion to proceed in forma pauperis.


Entered for the Court


Carlos F. Lucero
Circuit Judge