**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE SAMUELS, JR., a/k/a
Michael Douglas Lewis,

Defendant - Appellant.

No. 13-5024

(N. D. Oklahoma)

(D.C. No. 4:04-CR-00157-CVE-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **BALDOCK**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Petitioner and appellant, Lawrence Samuels, Jr., appeals the dismissal of his motion under 18 U.S.C. § 3582 to reduce his term of imprisonment for the possession of crack cocaine. We affirm.

## BACKGROUND

In 2005, Mr. Samuels pled guilty to possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). In preparation for sentencing under the United States Sentencing Commission, Guidelines Manual ("USSG"), the United States Probation Office prepared a presentence report ("PSR"). The PSR noted that under USSG §2D1.1, 9.35 grams of crack cocaine (the amount seized from Mr. Samuels) would ordinarily lead to a base offense level of twenty-six. But, because Mr. Samuels was at least eighteen years old at the time of the offense, the offense involved controlled substances, and he had at least two prior felony convictions for controlled substance violations, USSG §4B1.1 classified Mr. Samuels as a career offender.

As a career offender, his base offense level was thirty-four. With a two-level reduction for acceptance of responsibility, Mr. Samuels' total offense level was thirty-two. His career offender classification also placed him in criminal history category VI.[1] A total offense level of thirty-two with a category VI

---

[1]In any event, his seventeen criminal history points independently placed him in a criminal history category of VI.

criminal history yielded an advisory Guidelines sentencing range of 210 to 262 months. The district court sentenced Mr. Samuels to 210 months. Our court affirmed Mr. Samuels' conviction on direct appeal. United States v. Samuels, 493 F.3d 1187 (10th Cir. 2007).

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA") became effective. It altered the statutory penalties applicable to criminal offenses involving cocaine base or crack cocaine. On November 1, 2011, Amendment 750 retroactively implemented the FSA, reducing the disparity between crack and powder cocaine sentences from 100:1 to 18:1. See USSG app. C, amend. 750 (effective Nov. 1, 2011). "The amendment altered the drug-quantity tables in the Guidelines, 'increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums effectuated by the FSA.'" United States v. Osborn, 679 F.3d 1193, 1194 (10th Cir. 2012) (quoting United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012)).

On February 11, 2012, Mr. Samuels filed his § 3582 motion, seeking a sentence reduction under Amendment 750. In his motion, Mr. Samuels argued that the statutory penalty reductions brought about by the FSA and the Supreme Court's opinion in Freeman v. United States, 131 S. Ct. 2685 (2011), together opened the door for the district court to reduce his sentence under § 3582(c).

The district court dismissed Mr. Samuels' motion, finding that <u>Freeman</u> was not applicable to this case. The court also held that "Amendment 750 does not, by virtue of the § 4B1.1 career offender enhancement, change the calculated guideline sentencing range." Opinion & Order at 2, R. Vol. 1 at 25. The court concluded that "[a]s the facts establish that defendant's sentence is not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, this Court is without jurisdiction to consider a reduction of sentence under § 3582(c)." <u>Id.</u> at 26. This appeal followed.

**DISCUSSION**

We review a district court's interpretation of a statute or the Guidelines de novo. <u>United States v. Smartt</u>, 129 F.3d 539, 540 (10th Cir. 1997). We review a district court's decision to deny a reduction under § 3582(c)(2) for abuse of discretion. <u>United States v. Sharkey</u>, 543 F.3d 1236, 1238 (10th Cir. 2008).

"Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed." <u>United States v. Graham</u>, 704 F.3d 1275, 1277 (10th Cir. 2013) (citing <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2687 (2010)). "But a district court may modify a sentence when it is statutorily authorized to do so." <u>Id.</u> Thus, "[u]nder 18 U.S.C. § 3582(c)(2), a district court may, on a defendant's motion, reduce a sentence 'based on a sentencing range

-4-

that has subsequently been lowered by the Sentencing Commission.'" Id. (quoting 18 U.S.C. § 3582(c)(2)).

Mr. Samuels seeks a sentence reduction based upon the circumstance that the cocaine sentencing range he claims "drove" his sentence has been subsequently lowered by Amendment 750. He is, as the government points out, simply mistaken as to the effect of the Amendment and the Freeman case on his particular sentence. Although Mr. Samuels' base offense level for purposes of calculating a sentencing range was *initially* determined based on the quantity of crack cocaine he possessed, he was subsequently classified as a career offender, and his initial offense level was replaced by the offense level applicable under the career offender Guidelines, USSG §4B1.1. We have recognized that, although Amendment 750 reduces offense levels applicable to crack cocaine offenses, it has no effect on the career offender Guidelines under which Mr. Samuels was sentenced:

> Although the underlying conviction in this case had to do with crack cocaine, Wilkerson's sentence was calculated based on the interaction between 21 U.S.C. § 841(b)(1)(B), which provided for a statutory maximum sentence of life in prison for Wilkerson's crime, and USSG §4B1.1(b), the career offender guideline. Subsequent changes to § 841(b)(1) do not apply to Wilkerson, as the FSA was not made retroactive. And Amendment 750 affected none of the above calculations.

United States v. Wilkerson, 485 Fed. Appx. 318, 322 (10th Cir. 2012) (unpublished) (further citation omitted).[2] See Sharkey, 543 F.3d at 1239 (noting that Amendment 706, which lowered base offense levels for crack cocaine offenses, had no effect on the career offender Guidelines in USSG §4B1.1).

Mr. Samuels suggests that the district court erred in dismissing his motion, partly because it treated the career offender provisions as mandatory instead of advisory, whereas the Guidelines, since United States v. Booker, 543 U.S. 220 (2005), are advisory. Booker, however, does not apply to a motion for a reduction in sentence under § 3582(c). See United States v. Pedraza, 550 F.3d 1218, 1220 (10th Cir. 2008) ("A resentencing proceeding is an entirely different animal that does not implicate the Sixth Amendment concerns that drove the Booker remedy."). Furthermore, we perceive no basis for Mr. Samuels' further suggestion that the term "based on" in 18 U.S.C. § 3582(c)(2) is somehow affected, in any relevant way, by Booker's mandatory vs. advisory distinction.

The Supreme Court's decision in Freeman provides Mr. Samuels with no assistance either. In Freeman, the defendant entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement with the government, in which the parties agreed upon a 106-month sentence, reflecting the bottom of the applicable advisory Guidelines range. A plurality of the Supreme Court permitted a § 3582(c)(2) request for a

---

[2]We note that, although unpublished decisions of our court are not to be cited as precedent, we cite this unpublished case because we agree fully with its reasoning.

sentence reduction, stating that when an 11(c)(1)(C) plea agreement uses a particular Guidelines sentencing range applicable to the charged offenses in establishing the term of imprisonment, the defendant's sentence is "based on" the Guidelines range. The sentence could therefore be reduced under § 3582(c)(2) when the Guideline range is reduced. As we stated in <u>Graham</u>, the plurality opinion in <u>Freeman</u> provides that "when the Rule 11(c)(1)(C) plea is based on a Guideline sentencing range that is retroactively amended, the defendant is entitled to the amendment." <u>Graham</u>, 704 F.3d at 1278 (citing <u>Freeman</u>, 131 S. Ct. at 2697-99).

As applied to this case, Mr. Samuels can obtain no relief because he did not enter into an 11(c)(1)(C) plea agreement with the government. Additionally, the parties did not calculate an agreed-upon sentence based upon the crack cocaine Guidelines. <u>See</u> <u>id.</u> Rather, Mr. Samuels' sentence was based upon the career offender Guidelines provisions; those Guidelines provisions have not been lowered by a retroactive amendment.

**CONCLUSION**

In short, the district court correctly concluded that it lacked jurisdiction to consider Mr. Samuels' § 3582 motion for a reduction in his sentence. For the foregoing reasons, we AFFIRM the district court's dismissal of this case.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge