**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JUAN CARLOS ANGULO-LOPEZ,

Defendant–Appellant.

No. 13-6251
(D.C. No. 5:91-CR-00220-D-6)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Juan Carlos Angulo-Lopez appeals the district court's denial of his motion to modify his sentence pursuant to 18 U.S.C. § 3582. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In 1993, this court affirmed Angulo-Lopez's convictions on eleven counts of drug trafficking. United States v. Angulo-Lopez, 7 F.3d 1506, 1508, 1512 (10th Cir. 1993), superseded on other grounds as recognized in United States v. Kissick, 69 F.3d 1048 (10th Cir. 1995) (abrogated on other grounds as recognized in United States v. Horey, 333 F.3d 1185 (10th Cir. 2003)). We stated that "[t]he evidence established that Mr. Angulo-Lopez was involved in a conspiracy to distribute 47.82 kilograms of cocaine base." Id. at 1509. He was sentenced to two concurrent life sentences.

After the United States Sentencing Commission made Amendment 706 to the United States Sentencing Guidelines retroactive, Angulo-Lopez moved to reduce his sentence pursuant to § 3582(c)(2). United States v. McGee, 615 F.3d 1287, 1290 (10th Cir. 2010) (consolidated appeal, noting that Amendment 706 altered the Drug Quantity Table in the United States Sentencing Guidelines to provide a reduction in base offense levels for crack-cocaine-related offenses). We affirmed the district court's denial of Angulo-Lopez's motion. Id. at 1290, 1293. In 2012, Angulo-Lopez filed a pro se motion for a modification of his sentence under § 3582(c)(2), seeking relief under Sentencing Guidelines Amendment 750. The district court denied the motion. Angulo-Lopez appeals.

# II

"Amendment 750 retroactively implemented the Fair Sentencing Act, which reduced the disparity between crack and powder cocaine sentences from 100:1 to 18:1." United States v. Wilkerson, 485 F. App'x 318, 320 (10th Cir. 2012) (unpublished). "The

amendment altered the drug-quantity tables in the Guidelines, increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums effectuated by the" Fair Sentencing Act. United States v. Osborn, 679 F.3d 1193, 1194 (10th Cir. 2012) (quotation omitted). However,

> [i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1). "Amendment 750 'does not lower the sentences for offenses' that involve '8.5 kilograms or more' of crack cocaine." United States v. McIntyre, 470 F. App'x 717, 718 (10th Cir.) (unpublished) (quoting U.S.S.G. app. C, amend. 750 cmt.), cert. denied, 133 S. Ct. 492 (2012).

"Under § 1B1.10(a)(2)(B), a sentence reduction is not authorized if the amendment at issue 'does not have the effect of lowering the defendant's applicable guideline range.'" United States v. Darton, 595 F.3d 1191, 1194 (10th Cir. 2010); see also Dillon v. United States, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."). "[D]istrict courts cannot recalculate aspects of a sentence that are unaffected by a retroactively applicable amendment to the Guidelines." United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). Because Angulo-Lopez's sentence was based on 47.82

kilograms of cocaine base, far above the quantity affected by Amendment 750, the amendment did not have the effect of lowering his Guidelines range. The district court was therefore correct in determining that a sentence reduction was not authorized.

### III

For the foregoing reasons, the order of the district court is **AFFIRMED**.[1] Angulo-Lopez's motion to proceed in forma pauperis on appeal is **GRANTED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] Angulo-Lopez filed a document titled "Request to Take Judicial Notice," in which he requested that this court take notice that the government did not file a brief. We construe the document as a motion, but note as a factual matter that the government filed a brief in this case. Therefore the motion is **DENIED**. We also note that the document contains language that could be interpreted as an abandonment of this appeal. Because Angulo-Lopez references another case number and is proceeding pro se, we have addressed the appeal on the merits. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed pro se is to be liberally construed . . . ." (quotation omitted))