FILED
United States Court of Appeals
Tenth Circuit

June 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSEPH N. WHITE,

    Defendant - Appellant.

No. 15-3036
(D.C. No. 6:06-CR-10186-MLB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Joseph White appeals the district court's denial of his motion for reduction of

sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

White was indicted on numerous drug and firearms charges in August 2006.

He entered into a plea agreement under which he pled guilty to possessing a firearm

in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c) in

exchange for dismissal of the remaining counts. A Presentence Investigation Report

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

determined that White's Guidelines range was the mandatory minimum of 60 months required by § 924(c). The district court, concerned that a 60-month sentence was insufficient, informed the parties prior to sentencing that it was considering an upward departure. It requested that the Probation Office prepare a report detailing the sentences that would have been available had White pled guilty to other charges contained in the indictment.

According to the Probation Office, White would have been subject to a Guidelines range of 70 to 87 months for count 4 of the indictment, possession with intent to distribute cocaine base within 1,000 feet of a school. The district court imposed a sentence of 147 months, which it calculated by adding the mandatory minimum of 60 months to a hypothetical 87-month sentence for count 4.

In January 2015, White moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied White's motion. White timely appealed.

**II**

We review a district court's denial of a motion for reduction of sentence under § 3582(c)(2) for abuse of discretion. United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008). In doing so, we review its interpretation of a statute or the Guidelines de novo. Id.

Under § 3582(c)(2), a district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. White argues

that because the district court calculated the extent of his upward departure using the Guidelines range for possessing with intent to distribute cocaine base, his sentence was "based on" a Guidelines range subsequently lowered by Guidelines Amendment 782. See U.S.S.G. Manual supp. app. C., amend. 782 (2014) (altering the drug quantity tables for cocaine base). He contends the district court failed to accord proper weight to the Supreme Court's opinion in Freeman v. United States, 131 S. Ct. 2685 (2011) (plurality opinion), which held that a sentence reached through a Fed. R. Crim. P. 11(c)(1)(C) plea agreement can be "based on" the Guidelines. Freeman, 131 S. Ct. at 2690.

White's arguments are foreclosed by our opinion in one of his prior appeals, United States v. White, 765 F.3d 1240 (2014). In that decision, we rejected an identical set of arguments advanced by White with respect to Guidelines Amendment 750. See White, 765 F.3d at 1246. We explained that "the range upon which a sentence is based is, as a matter of law, the range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category but prior to any discretionary departures." Id. (quotations omitted). Because, under this definition, White's sentence was "based on the unchanged mandatory 60-month figure that accompanied his only crime of conviction," we concluded he was ineligible for a sentence reduction. Id. We also

-3-

held that <u>Freeman</u> did not impact our prior "'based on' jurisprudence." <u>Id.</u> at 1249.

<center>**III**</center>

**AFFIRMED**.

<div style="margin-left: 50%;">
Entered for the Court


Carlos F. Lucero
Circuit Judge
</div>