FILED
United States Court of Appeals
Tenth Circuit

February 9, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTHUR MARTIN RODRIGUEZ,

Defendant - Appellant.

No. 17-3162
(D.C. No. 5:16-CR-40007-DDC-1)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This case is therefore ordered submitted without oral argument.

Appellant Arthur Rodriguez appeals the district court's denial of his motion

for a reduction of sentence under 18 U.S.C. § 3582(c)(2).

In November 2016, Appellant pled guilty to interstate transportation in aid

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of racketeering. Before sentencing, the United States Probation Office prepared a presentence report using the 2016 edition of the United States Sentencing Guidelines. This PSR calculated an advisory Guidelines range of 108–135 months. However, because the statutory maximum term of imprisonment for the count of conviction was five years, the PSR recommended a term of imprisonment of sixty months. On February 6, 2017, the district court sentenced Appellant to a sixty-month term of imprisonment.

Appellant subsequently filed the instant motion for a sentence reduction under § 3582(c)(2), arguing that he was entitled to a reduction in his sentence based on Guidelines Amendment 782, which became effective on November 2, 2014. The district court concluded that he was not eligible for relief under § 3582 for two independent reasons: (1) the sentencing court had sentenced Appellant under the 2016 version of the Guidelines, which included the revisions effected by Amendment 782, and (2) Defendant's sentence was "based on" the statutory maximum, not the advisory Guidelines range. *See* 18 U.S.C. § 3582(c)(2) ("[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). The court accordingly denied Appellant's motion.

Appellant raises two main arguments on appeal. First, he contends that the

-2-

district court erred in "limiting its analysis to the single issue of whether or not Appellant's claim was authorized" under § 3582 and the applicable Guidelines. (Appellant's Opening Br. at 3 (capitalization omitted).) Second, he argues that the district court erred in failing to provide him with copies of all of the documents related to his criminal case. He argues that the Sixth Amendment entitled him to receive copies of the sentencing transcript, plea agreement, and other pertinent documents from the district court. He further argues that, in light of the district court's failure to provide him with these documents, this court must now provide him with "a fair opportunity to review [his] case files from which to develop and support the issues on appeal." (*Id.* at 3.)

We see no error in the district court's legal analysis of this case. The district court correctly applied our precedents by beginning its consideration of Appellant's § 3582 motion with the fundamental question of whether, as a matter of law, a sentence reduction was authorized under § 3582. *See United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014). Nor was there any error in the district court's conclusion that Appellant is not eligible for relief under § 3582 because his sentence was calculated under the 2016 Guidelines, to which Amendment 782 already applied, and his sentence was "based on" the statutory maximum and not the Guidelines range in any event. The district court therefore appropriately concluded that his § 3582 motion must fail as a matter of law.

As for Appellant's second argument, he has not cited to any support for his

argument that the district court and/or this court are required to provide him with copies of all of the documents pertinent to his criminal case before resolving his § 3582 motion. Moreover, we have reviewed all of these documents as part of our review of this appeal. Nothing in any of these documents would help Appellant to avoid the fundamental legal conclusion that he is not entitled to relief under § 3582 because he has not shown that he was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Although the district court correctly ruled that Appellant was not entitled to relief under § 3582, the court should have dismissed the motion for lack of jurisdiction rather than denying the motion on the merits. *See White*, 765 F.3d at 1250. We accordingly **VACATE** the order denying Appellant's § 3582 motion and **REMAND** with instructions to **DISMISS** for lack of jurisdiction.

Entered for the Court


Monroe G. McKay
Circuit Judge