FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WARREN B. MARKER,

    Defendant - Appellant.

No. 18-2102
(D.C. No. 2:12-CR-02005-RB-SMV-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

This appeal involves Mr. Warren Boyd Marker's motion in the district court for dismissal/time served. In the motion, Mr. Marker argued that the court had waited too long to impose the sentence. _See_ Fed. R. Crim. P. 32(b)(1). As a remedy for this alleged violation, Mr. Marker sought a reduction in his sentence.

---

[*] Though Mr. Marker requests oral argument, it would not be helpful because he has not briefed the jurisdictional issue.

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and Tenth Cir. R. 32.1(A).

The district court denied the motion on the merits, and Mr. Marker has appealed. In our view, however, the district court lacked jurisdiction to modify the sentence and should have dismissed the motion for lack of jurisdiction.

A district court may modify a sentence only when Congress has expressly granted jurisdiction. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996); *see United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."). This jurisdiction has been granted in 18 U.S.C. § 3582 and Federal Rule of Criminal Procedure 36. But Mr. Marker does not allege any of the circumstances that would trigger § 3582 or Rule 36. *See* 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2); Fed. R. Crim. P. 36.

The court can sometimes modify a sentence under 28 U.S.C. § 2255, but Mr. Marker has not invoked § 2255. We have occasionally recharacterized pro se motions as invoking § 2255 to aid pro se litigants, but doing so here could do harm to Mr. Marker. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003). Mr. Marker already has a § 2255 motion pending in the district court, and that case could be derailed if we were to recharacterize the present motion as one brought under § 2255.

\* \* \*

Without statutory authority to modify Mr. Marker's sentence, the district court lacked jurisdiction and should have dismissed the motion rather than deny relief on the merits. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a motion to modify a sentence should have been dismissed for lack for jurisdiction, rather than denied, when the district court lacked statutory authority to modify the sentence). We therefore (1) deny Mr. Marker's request for mandamus or a stay, (2) vacate the district court's denial of Mr. Marker's motion, and (3) remand to the district court with instructions to dismiss the motion for dismissal/time served based on a lack of jurisdiction.

Entered for the Court

Robert E. Bacharach
Circuit Judge