FILED
United States Court of Appeals
Tenth Circuit

July 26, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ELMER DON WHITTAKER, a/k/a E.D.,

    Defendant - Appellant.

No. 19-7014
(D.C. No. 6:12-CR-00065-RAW-6)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Elmer Don Whittaker pled guilty to maintaining a drug-involved premises in

violation of 21 U.S.C. § 856.  The plea agreement said the conduct occurred from May

27, 2011, to March 15, 2012.  He moved to reduce his sentence under 18 U.S.C.

§ 3582(c)(1)(B) & (c)(2) and the First Step Act of 2018.  Exercising jurisdiction under

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 1291, we agree with the district court that he did not qualify for a reduction and remand to dismiss for lack of jurisdiction.[1]

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, permits a district court to reduce a sentence based on the lower statutory sentencing ranges of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372. But it applies only to defendants who were sentenced for crack cocaine offenses committed before August 3, 2010. *See* First Step Act § 404. Because Mr. Whittaker committed his offense after that date, he does not qualify. The district court properly refused his request.

We remand this matter to the district court with instructions to vacate the order denying the motion and enter a new order dismissing Mr. Whittaker's § 3582(c)(2) motion without prejudice for lack of jurisdiction. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating "dismissal for lack of jurisdiction rather than denial

---

[1] The district court entered its order denying the motion on March 5, 2019. Mr. Whittaker mailed his notice of appeal on March 29, 2019. Under Fed. R. App. P. 4(b)(1)(A)(i), the notice of appeal should have been filed within 14 days after entry of the order. His notice of appeal was therefore untimely. He has not mentioned and therefore has made no showing that the prison mailbox rule made his notice timely. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005).

Although the time limit in Rule 4(b)(1)(A)(i) is not jurisdictional, it is a mandatory claim-processing rule that "must be enforced by this court when properly invoked by the government." *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008).

The Government cites Rule 4(b)(1)(A)(i) in its appellate brief and declares the notice of appeal was untimely. Aplee. Br. at 1, 8. But it does not ask this court to dismiss the appeal on that ground and instead spends most of its brief addressing the merits of Mr. Whittaker's motion. We therefore reach the merits and do not ask Mr. Whittaker to show cause why his appeal should not be dismissed as untimely filed.

on the merits is the appropriate disposition of [the prisoner's] § 3582(c)(2) motion");

*United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (stating "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)).[2]

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[2] The rationale of our cases to regard a defendant's eligibility for sentence reduction under § 3582(c)(2) as jurisdictional extends to § 3582(c)(1)(B).