**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LORENZO CASTENADA-ULLOA,

    Defendant - Appellant.

No. 19-6080
(D.C. No. 5:99-CR-00057-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

    Defendant Lorenzo Castenada-Ulloa appeals the district court's denial of his

motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and the First Step Act of

2018.  Although Defendant now concedes he was not eligible for the sentence

reduction he requested, he asks us to vacate the district court's denial of his motion

on the merits and remand with instructions to dismiss the motion for lack of

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

jurisdiction instead. Exercising jurisdiction under 28 U.S.C. § 1291, we reach the

result Defendant seeks, but for different reasons than Defendant advances.

## I. **Background**

In 1999, Defendant was convicted on eight federal charges related to his

participation in a drug-trafficking operation, including Count 1, conspiracy to possess

with intent to distribute and distribution of cocaine powder in violation of 21 U.S.C.

§ 846.[1] The body of Count 1 alleged no specific drug quantities, but the

manner-and-means portion of that count alleged "multi-kilogram quantities of

cocaine," R., Vol. 1 at 16, and the overt-acts portion described transactions involving

"kilogram quantities of cocaine base (crack)," *id.* at 18, and identified a number of

transactions, most listing approximate quantities. The jury made no findings

regarding drug quantity, but in a presentence report relying on Defendant's relevant

conduct, the Probation Office determined Defendant was accountable for 25.515

kilograms of cocaine base and 13.408 kilograms of powder cocaine. These drug

amounts resulted in a statutory range of punishment between ten years and life

imprisonment, and a range of 292 to 365 months under the United States Sentencing

Guidelines. The district court sentenced Defendant to 292 months.

In 2019, Defendant filed a pro se motion for sentence reduction under

§ 3582(c)(2), relying on the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat.

5194, and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. As

---

[1] Defendant's convictions on the other seven counts are not relevant to this appeal.

relevant to this appeal, the First Step Act permits a district court to reduce a sentence "for a covered offense . . . as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b). For this purpose, "the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act § 404(a). And sections 2 and 3 of the Fair Sentencing Act modified the statutory penalties only for crack-cocaine offenses, not for powder-cocaine offenses, by increasing the quantities of cocaine base required to trigger mandatory minimum terms of imprisonment under 21 U.S.C. § 841(b)(1) and by eliminating the mandatory minimum penalties for offenses involving cocaine-base possession in 21 U.S.C. § 844(a).

In his § 3582(c)(2) motion, Defendant summarily contended that based on recent average sentencing reductions for cocaine offenses, he would likely receive a sentence between 190 and 237 months if he were resentenced now, which was less than the time he has served plus good-time credits. The district court denied the motion, finding Defendant ineligible for the requested relief because "retroactive application of Sections 2 and 3 of the Fair Sentencing Act would not subject Defendant to a lower statutory range." R., Vol. 1 at 42. The court reasoned that under the current Sentencing Guidelines, the drug quantities Defendant was held accountable for would still correspond with an offense level resulting in the same statutory imprisonment range of ten years to life. The court further observed that by

3

itself, the powder-cocaine quantity (13.408 kilograms) was enough to place Defendant in the same statutory imprisonment range. The court therefore concluded that "§ 3582(c)(2), by its terms, does not apply here." *Id.* at 43.

Now represented by counsel, Defendant appeals.

## II. **Discussion**

In his primary argument, Defendant states that he was not convicted of a "covered offense" as defined by § 404(a) of the First Step Act, which, as noted, includes only certain crack-cocaine offenses whose statutory penalties were modified by sections 2 and 3 of the Fair Sentencing Act. He argues that relief under the First Step Act is determined solely by the offense of conviction, not any relevant conduct used to determine the sentence, and because his conspiracy conviction involved only powder cocaine, it is not a "covered offense." Based on this concession of ineligibility, Defendant maintains that the district court should have dismissed his § 3582(c)(2) motion for lack of jurisdiction instead of denying it on the merits of whether he would still be subject to the same statutory penalties under the present Sentencing Guidelines. He seeks this relief because § 404(c) of the First Step Act bars consideration of a second motion for relief from a sentence involving a covered drug offense where a court has denied an initial motion on the merits, and he might seek First Step Act relief in the future "if Congress addresses the continuing impact of 'relevant conduct' in cases such as this," Aplt. Opening Br. at 12. The government agrees with Defendant's argument that the district court lacked jurisdiction because he is ineligible for relief under the First Step Act and has no

4

objection to us remanding for the district court to dismiss his § 3582(c)(2) motion for lack of jurisdiction, as Defendant requests.

We review de novo a district court's jurisdiction to reduce a sentence under § 3582(c)(2). *United States v. White*, 765 F.3d 1240, 1245 & n.3 (10th Cir. 2014). We agree that the district court lacked jurisdiction, but for a different, more fundamental reason than Defendant advances in his primary argument. *See Gillmor v. Thomas*, 490 F.3d 791, 797 (10th Cir. 2007) (explaining that "we are under a continuing obligation to ensure that the district court had jurisdiction . . . as an initial matter," even where the district court does not address jurisdiction). As we explain, the district court lacked jurisdiction under § 3582(c)(2) because Defendant based his request for a sentence reduction on acts of Congress, not on a Guidelines sentencing range that the United States Sentencing Commission lowered after his conviction.

"[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *White*, 765 F.3d at 1244 (internal quotation marks omitted). "Absent the operation of one of a few narrowly-defined statutory exceptions, therefore, federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed." *Id.* at 1244-45 (brackets and internal quotation marks omitted). "One such exception" is the provision Defendant here relied on, § 3582(c)(2), which "permit[s] defendants whose Guidelines sentencing range has been lowered by retroactive amendment to move for a sentence reduction if the terms of the statute are

5

met." *Id.* at 1245 (internal quotation marks omitted). Specifically, § 3582(c)(2)

provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)*, . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(2) (emphasis added).[2] Thus, "[i]f an amendment applies retroactively,

[§ 3582(c)(2)] authorizes district courts to reduce the sentences of prisoners who

were sentenced based on a Guidelines range that would have been lower had the

amendment been in place when they were sentenced." *Hughes v. United States*,

138 S. Ct. 1765, 1773 (2018).

In his § 3582(c)(2) motion, Defendant did not base his request for a sentence

reduction on a sentencing range that the Sentencing Commission later lowered or on

a retroactively applicable Guidelines amendment. He instead relied on two

congressional acts—the First Step Act and the Fair Sentencing Act. And although

section 8 of the Fair Sentencing Act provided emergency authorization for the

Sentencing Commission to make conforming amendments to the Guidelines, the First

Step Act permits a court to impose a reduced sentence only where sections 2 and 3 of

the Fair Sentencing Act modified the statutory penalties for a covered offense. First

---

[2] Section 994(o) requires the Sentencing Commission to review and revise the Sentencing Guidelines periodically based on comments and data brought to its attention.

6

Step Act § 404(a)-(b).  Because § 3582(c)(2) authorizes sentence reductions only where a term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," it does not authorize the district court to grant the relief Defendant requested—a reduction to a term of imprisonment based on statutory modifications to statutory penalties.  Accordingly, the district court lacked jurisdiction under § 3582(c)(2).  *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (stating that "dismissal [for lack of jurisdiction] rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)), *abrogated on other grounds by Hughes*, 138 S. Ct. 1765; *see also White*, 765 F.3d at 1250 (same, citing *Graham*).[3]

### III.  **Conclusion**

We remand this matter to the district court with instructions to vacate the order denying Defendant's § 3582(c)(2) motion and to enter a new order dismissing that

---

[3] As part of an alternative argument we need not reach, Defendant concedes he invoked § 3582(c)(2) "incorrectly" and posits that § 3582(c)(1)(B) is the proper procedural mechanism for requesting relief under the First Step Act and the Fair Sentencing Act.  Aplt. Opening Br. at 14.  In relevant part, § 3582(c)(1)(B) authorizes a district court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute."  § 3582(c)(1)(B).  Although the Fourth Circuit has recently concluded that "First Step Act motions [involving the Fair Sentencing Act] fall under § 3582(c)(1)(B)," *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), we need not and do not address that question because Defendant does not ask us to determine that the district court had jurisdiction under § 3582(c)(1)(B).

motion without prejudice for lack of jurisdiction.[4]

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[4] Although we are governed by precedent, we again "note that there appears to be both an intra-circuit and inter-circuit split on the question of whether statutory ineligibility for § 3582 relief is jurisdictional," *United States v. Sandoval-Flores*, 665 F. App'x 655, 656 n.1 (10th Cir. 2016) (collecting cases and stating the "belie[f] that the nonjurisdictional approach "is the better approach"); *cf. United States v. Spaulding*, 802 F.3d 1110, 1122-24 (10th Cir. 2015) (majority opinion concluding, in different context, that § 3582(c) is jurisdictional); *cf. id.* at 1128-34 (Gorsuch, J., dissenting) (expressing the contrary view that § 3582(c) is a nonjurisdictional claim-processing rule).