**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

IGNACIO SALCIDO, JR.,

    Defendant - Appellant.

No. 20-2108
(D.C. No. 2:16-CR-04290-KG-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Ignacio Salcido, Jr., proceeding pro se[1], appeals the district court's denial of

his motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by

the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  Exercising

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Salcido proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

jurisdiction under 28 U.S.C. § 1291, we agree with the district court that Mr. Salcido was not entitled to relief, but we remand with instructions to the district court to vacate the order denying the motion and to dismiss for lack of jurisdiction.

## I.  BACKGROUND

A federal grand jury in the District of New Mexico indicted Mr. Salcido for transporting a minor in interstate and foreign commerce with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a).  Mr. Salcido pled guilty. The district court sentenced him to 120 months in prison.  He is currently serving his sentence at the Federal Medical Center in Fort Worth, Texas ("FMC Fort Worth"). When Mr. Salcido attempted to appeal, this court enforced the appeal waiver in his plea agreement and dismissed the appeal.  *See United States v. Salcido*, 783 F. App'x 800, 804 (10th Cir. 2019).

Mr. Salcido filed an emergency motion to reduce sentence and for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  He argued that extraordinary and compelling reasons justified his early release, including (1) the presence of COVID-19 at FMC Fort Worth and (2) his elderly mother's health care needs.  He did not allege he had exhausted his administrative remedies.  The Government raised Mr. Salcido's failure to exhaust as a reason to deny the motion.  It further argued Mr. Salcido had not presented sufficient reasons for compassionate release and that he still posed a significant danger to community safety.  The district court agreed with the Government on both grounds.  It therefore denied the motion as

2

procedurally defective and for failure to allege extraordinary and compelling reasons justifying release.

## II. **DISCUSSION**

Mr. Salcido presents no argument challenging the district court's determination that he did not exhaust his administrative remedies. His failure to exhaust was fatal to his motion. The district court "may not modify a term of imprisonment once it has been imposed" unless the Director of the Bureau of Prisons moves for sentence modification on a defendant's behalf (which did not occur here) or unless the defendant so moves and "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring" such a motion. 18 U.S.C. § 3582(c)(1)(a). The district court therefore correctly concluded Mr. Salcido's motion was procedurally defective.

This procedural defect meant the district court lacked the authority to review Mr. Salcido's request, so dismissal rather than denial of the motion was the appropriate disposition. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

## III. **CONCLUSION**

We vacate the order denying Mr. Salcido's motion and remand with instructions to dismiss it for lack of jurisdiction. We deny Mr. Salcido's motion for appointment of counsel. We also deny his motion to proceed in forma pauperis because he has not advanced "a reasoned, nonfrivolous argument on the law and facts

3

in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge